CORA P. ASHLEY, *Appellant*, vs. R. H. ROWE, as Receiver of Madison State Bank, *Appellee*.

En Banc.

Opinion filed April 4, 1931.

Petition for re-hearing denied April 21, 1931.

*Marks, Marks & Holt,* for Appellant;

*R. C. Horne,* for Appellee.

BUFORD, C.J.—Bill of complaint was filed in the Circuit Court of Madison County to recover three bonds being

Town of Madison Six per cent Improvement Bonds Nos. 28, 29 and 30 of the denomination of One Thousand ($1,000) Dollars each, which, it is alleged in the bill of complaint, the complainant loaned to Madison State Bank to be used by Madison State Bank as a part of its deposit with the State Treasurer to secure the deposit of the State funds in the bank.

It is alleged in the bill of complaint that,

"It was at all times understood and agreed between petitioner and the said Bank (1) that the aforesaid bonds would be and remain the bonds of petitioner; (2) that petitioner would receive all interest accruing upon said bonds; (3) that said bonds would be returned to petitioner on demand; (4) that said bonds would be returned to petitioner, in any event, as soon as the State should be repaid the amount of its deposits with said Bank.

That on the security of petitioner's said bonds, together with other bonds, said Bank procured certain deposits of State funds, which aggregated at the time of the Bank's failure $11,584.33; that the State Treasurer then held as security for said deposits bonds of various kinds (including the bonds of your petitioner) of the aggregate value of $12,500.00.

That on, towit, September 3rd, 1926, the business of said Bank was suspended, and W. H. Montgomery was appointed its Receiver and continued as such until about March 9th, 1927, when said Montgomery was succeeded by R. H. Rowe as Receiver of said institution.

That on or about December 22nd, 1926, petitioner filed her proof of claim against said bank in the amount of $6,801.56, copy of such proof being hereunto annexed as Exhibit 2.

That on December 27th, 1926, petitioner was issued Receiver's Certificate Number 508, showing the Bank

indebted to her for certain balances due on open account and on savings account, as well as for the bonds hereinbefore mentioned; that petitioner has up to the present time received two dividend payments aggregating thirty per cent (30%) of her claim; that a copy of said Receiver's Certificate aforesaid showing the dividend credits therein is hereto annexed and made a part hereof as Exhibit 3.

That on December 30th, 1926, W. H. Montgomery, then Receiver of said Bank, paid to the State Treasurer of Florida the full amount of said $11,584.33 deposits and procured from the State the return of the $12,500.00 of bonds, (including the bonds of your petitioner) theretofore held by the State.''

Demurrer to the bill of complaint was sustained from which order appeal is taken. The allegations of the bill show upon the face thereof that the complainant made a loan of the bonds to the Bank with full knowledge that the Bank would use the bonds for deposits with the State Treasurer as the property of the Bank to secure State deposits.

When the complainant made this loan of bonds to the Bank she became a common creditor of the bank in the amount of Three Thousand ($3,000.00) Dollars, the value of the bonds. When these bonds, and other bonds, were redeemed by the Receiver by paying to the State Treasurer the full amount of the deposit of the State in the Bank at the time it closed its doors the redemption was made with the funds constituting assets of the Bank in which all common creditors had a vested interest and the bonds thereupon became assets of the Bank subject to the claims of common creditors.

Much has been said in briefs contending that these bonds constituted a trust fund in the hands of the Bank. It

appears to us that there is no element of the trust relation in the case. If there had ever been any such element the complainant is estopped from claiming advantage thereof when it is shown by the bill of complaint that she connived with and made it possible for the Bank to hold out to the State of Florida and to the public that these particular bonds constituted a part of the general assets of the Bank.

It would be unconscionable for one to loan money or bonds to a Bank with the understanding and agreement that such money or bonds would be used by, and held out to the public as constituting a part of the assets of, the Bank and then when the Bank should have become insolvent maintain a claim that no property in the money or bonds ever passed to the Bank and that the same was at all times held as the property of the claimant in trust to be returned in kind to the claimant.

When a Bank loans money to a customer the property in the money passes to the customer and likewise it must be held to be true that if a customer loans money or bonds to a Bank to be used by that institution and to be held out by it as a part of its common assets the property therein is vested in the bank and the customer can not successfully claim that such property does not pass to the Bank.

In the instant case the complainant well knew that if the Bank should become insolvent and was unable to return the State deposit that the bonds would be forfeited for the payment of the amount of the State deposit.

For the reasons stated, the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.